## Fred N. Baylies, Plaintiff in Error, v. E. M. Bent, Defendant in Error.

### Gen. No. 18,263.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. FREEMAN K. BLAKE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Reversed and remanded. Opinion filed March 11, 1914. Rehearing denied March 24, 1914.

### Statement of the Case.

Action by Fred N. Baylies against E. M. Bent to recover for breach of a written contract entered into by them for the erection of a dwelling house for plaintiff. The breaches alleged were the failure of defendant to install a boiler and piping and an expansion tank of sufficient size and capacity and sufficient of radiation to make good his guaranty in the contract to install a hot water heating plant that would heat the house to seventy degrees in zero weather. The trial was by the court and judgment in bar was rendered against the plaintiff. To reverse the judgment, plaintiff brings error.

HOPKINS, PEFFERS & HOPKINS, for plaintiff in error.

MONTGOMERY, HART & SMITH, for defendant in error.

MR. JUSTICE DUNCAN delivered the opinion of the court.

### Abstract of the Decision.

1. BUILDING AND CONSTRUCTION CONTRACTS, § 65*—*conclusiveness of architect's certificate.* An architect's certificate is not conclusive as to the amount due nor a bar to the owner showing a violation of the material parts of the contract by which he was damaged, unless there is a positive provision to that effect in plain language.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

2. BUILDING AND CONSTRUCTION CONTRACTS, § 65*—*when contractor liable for defects in performance after final certificate given.* The contractor will be responsible for any substantial defect that has escaped the architect's attention although a final certificate is given, where the contract provides that the certificate shall not exempt the contractor from making good any work certified if not done according to the contract.

3. BUILDING AND CONSTRUCTION CONTRACTS, § 103*—*when contractor liable to owner for cost of remedying defects in heating plant.* In an action against a contractor for breach of his agreement to install a heating plant sufficient to heat a dwelling to a certain temperature in cold weather, where plaintiff seeks to recover for additional expense of employing another party to remedy the plant, *held* that under the contract and the evidence the defendant was liable for at least nominal damages but that a judgment could not be sustained for the cost of completing the plant in the absence of evidence showing that the additional work and materials furnished were necessarily required to make the plant comply with the contract.

4. BUILDING AND CONSTRUCTION CONTRACTS, § 14*—*when guaranty as to capacity of heating plant not affected by requested changes as to radiators.* Where a contractor in his written contract to erect a dwelling house guaranties that a heating plant to be installed would be of a certain heating capacity, the contractor is liable on such guaranty though the owner had him place seats over some of the radiators, the contract expressly giving the owner the right to make such changes, to be paid for as extras, without invalidating the contract, and the contractor not asking for a modification of his guaranty.

5. BUILDING AND CONSTRUCTION CONTRACTS, § 17*—*when owner does not waive right to insist upon contract.* Where a contractor in a building contract guaranties to install a heating plant of a certain heating capacity, the owner does not waive his right to insist upon the guaranty by his accepting a written guaranty of the subcontractor made to the contractor or because the contractor refused to guarantee the plant after the house was finished.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.